| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| GARY STOREY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 1:04-CV-234 |
| | § | |
| WARDEN REESE, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Gary Storey, an inmate formerly confined at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends that the above-styled petition should be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes Petitioner's objections are without merit. Petitioner contends the Disciplinary Hearing Officer informed him at the hearing that his sanction would include the loss of 27 days good conduct time. However, when the written report was issued by the Disciplinary Hearing Officer, a loss of 41 days good conduct time had been imposed.

Petitioner contends that 28 C.F.R. § 541.17(d) provides that after initial sanctions are imposed, they may not be increased. However, § 541.17(d) relates to the modification at a rehearing of sanctions previously imposed in the inmate's absence. *See* 28 C.F.R. § 541.17(d). Here, petitioner states that he was present at the hearing. Further, the alleged modification did not occur as the result of a rehearing, instead it occurred before the written report was issued. Accordingly, § 541.17(d) does not apply to this petition.

Petitioner also objects that the offense code was changed from 224 to 101. However, as the magistrate judge correctly determined, petitioner has failed to show that he was denied any process due under *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). Further, petitioner has failed to show how the alleged change in punishment or the charge prejudiced him in his defense. Accordingly, petitioner's objections should be overruled.

## ORDER

Accordingly, Petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 13th day of September, 2007.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE